## In re CHADDERDON.

No. 5592.

District Court, W. D. Louisiana, Monroe Division.

Aug. 23, 1939.

W. D. Cotton, of Rayville, La., for Federal Land Bank of New Orleans, and Mrs. Nellie I. McConnell.

Warren Hunt, of Rayville, La., for debtor.

DAWKINS, District Judge.

In the above matter, Mrs. Nellie I. McConnell, a creditor and holder of a second mortgage upon the property of the debtor, has moved to dismiss this proceeding upon the following grounds:

(1) That since the petition for relief under Section 75 of the Bankruptcy law, 11 U.S.C.A. § 203, was filed on November 26, 1935, more than three years have expired without the debtor having applied to have the time extended for dealing with the matter in this Court, as required by the amendment to the statute;

(2) That the debtor has no equity "present or potential" in the farm property and there is no reasonable probability of his being able to rehabilitate himself;

(3) That the debtor is not a farmer within the meaning of the law; and

(4) That the debtor is not conducting these proceedings in good faith.

The motion was referred to the Supervising Conciliation Commissioner for a hearing and report, which has been made, and is quoted as follows:

"This proceeding is pending under Subsection (s) of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203(s). The proceeding was allowed filed on November 26th, 1935. The debtor presented a proposal for composition and extension to his creditors which was rejected and subsequently filed application to be adjudged bankrupt under Subsection (s) of Section 75. Adjudication pursuant to the application was made on January 2nd, 1936.

"Appraisers were appointed pursuant to the provisions of Subsection (s) of Section 75 who appraised the forty acres of farm property owned by the debtor at $1,600.00 and movable property at $1,130.00.

"The debtor has two secured creditors, Federal Land Bank of New Orleans, whose debt as of December 16th, 1935 including delinquencies amounted to $1,625.65 and Mrs. Nellie I. McConnell, who holds a mortgage junior to that of Federal Land Bank of New Orleans, which has been reduced to judgment and which appears to amount to approximately $750.00. On April 13, 1936 a meeting was held whereat the annual rental payable in semi-annual installments was fixed, the installments being for $95.00 each and due and payable November 1st and May 15th of each year beginning November 1st, 1936. In this connection rental was fixed by me at the

high figure for the reason that the property had rental value in excess of farm rental value. The debtor has not complained as to the amount of rental but applicant in motion to dismiss, Mrs. Nellie I. McConnell, takes the position that the proceeding should be dismissed for the following reasons:

"1. That these proceedings were filed on November 26th, 1935; that more than the three years granted by the original act having expired and debtor having failed to request any extension of time, these proceedings are terminated by the operation of the law and should be forthwith dismissed.

"2. This debtor has no equity, either present or potential in the farm property herein involved, and has no reasonable prospects of being able to refund existing mortgages and that there is no reasonable probability of debtor's rehabilitation within any lawful period.

"3. That debtor is not a farmer.

"4. That debtor is not conducting these proceedings in good faith.

■ "In connection with the first ground, it appears that adjudication under Subsection (s) was made on January 2, 1936 and that more than three years have elapsed since said time. However, under amendment of June 22, 1938, it would appear that the debtor has the right to petition for an extension of the period. For convenience of the Court the amendment is copied as follows:

"Sec. 2(a) 'Any farmer who filed a petition under section 75 of the Act entitled "An Act to establish a uniform system of bankruptcy throughout the United States", approved July 1, 1898, as amended, and in whose case a bankruptcy court has, under subsection (s) thereof, granted a stay of proceedings may, if the period for which such stay was granted has expired or is about to expire, make application to such court for an extension of such stay. If the court finds that such farmer has substantially complied with the provisions of paragraph (2) of subsection (s) of section 75 of such Act, as amended, during the period of such stay, the court may extend the period of such stay to November 1, 1939.' 11 U.S.C.A. § 203 note.

"The annual installments due Federal Land Bank amount to $96.50 per annum and during the time this proceeding has been pending it appears that the debtor is practically current with his indebtedness due Federal Land Bank.

"It will be noted that the above quoted act does not provide a deadline for the filing of an extension of the stay order. In view of the fact that the debtor is current with his payments and has made substantial progress to the end of reducing the first mortgage indebtedness due Federal Land Bank of New Orleans, it is my opinion that a delay of ten days from date of notice of this report should be granted to the debtor within which time he may be permitted to file an application to extend the period of stay to November 1st, 1939. In the event such application is filed, I recommend that the proceeding be continued and in default of the filing of such application that the proceeding be dismissed.

■ "In connection with the second ground of attack made by applicant in motion to dismiss which is predicated on the theory that the debtor has no equity in the property and there is no reasonable possibility or rehabilitation, I find that the debtor is making substantial progress in liquidating the first mortgage indebtedness; that he has equity over and above the first mortgage indebtedness in the property but that in view of the appraisal made there would appear to be no equity for the debtor over and above indebtedness due applicant in motion to dismiss. It is my opinion, however, that under the provisions of the Section 75(s) the debtor has the right to avail himself of the statutory period for making rental payments and at the end of that period the creditors, if not willing to receive the appraised value of the property, have the right to cause the property to be sold under the present appraised value or under a reappraisal with reservation to the debtor to redeem the property within ninety days from date of sale. It appears that the provisions of the Act will permit the debtor to have benefit of the statutory period during which time he pays rentals, which rentals in the instant case have been kept current.

■ "The third ground for attack is that the debtor is not a farmer within the meaning of Section 75. At the time of the filing of the petition a similar attack was made and in the former report, I held that the debtor was a farmer within the meaning of Section 75 which report is made part hereof by reference. There is no question that the debtor at present is not a farmer as

defined by Section 75. The evidence adduced at the hearing clearly shows that the present primary occupation of the debtor is as employee for Union Compress and Warehouse Company from which concern he receives a monthly salary of $125.00. It further appears that the debtor has rented the farm property to third parties and is receiving little or no income from farming operations. I find that he is neither primarily engaged in farming operations nor derives his principal source of income therefrom. I further reiterate my findings heretofore made that the debtor was a farmer within the intent and meaning of Section 75 at the time of the filing of the proceeding and since said time has continued to live on the property but has secured employment which the debtor stated was necessary in order to meet his obligations. In view of the fact that he still resides on the property and has met his obligations and under the circumstances of the case, I find no reason why the debtor should be penalized by taking away the benefits afforded to him under the Act. From creditor's point of view, it would appear that their position is more secure presently than it was at the time of the filing of the petition as the debtor has secured a source of income which apparently insures his ability to pay the rental fixed.

■ "In regard to the fourth ground of attack which is that the debtor is not conducting his proceedings in good faith, applicant in motion to dismiss takes the position that inasmuch as the debtor has rented the property out and its productivity under the rental contract amounted to one bale of cotton in 1938 and that the debtor is not conducting his farming operations properly, I find that the debtor is not personally supervising his farming operations and that the tenants who are operating the property are apparently making little progress. It is my conclusion, however, that the conduct and actions of the debtor in securing outside employment and source of revenue and making payment of the very high rental fixed in this evidence an intention of good faith on his part rather than bad faith and find that the debtor is conducting his proceeding in good faith.

"My conclusions and recommendations are that the debtor be given a period of ten days of finality of these recommendations within which to file an application to extend the period of stay to November 1st, 1939 and in default of the filing of such application that the proceeding be dismissed. In the event said application is timely filed, I recommend that the motion to dismiss filed herein be denied.

"Copies of this report are this day forwarded to Mr. W. D. Cotton, Rayville, Louisiana, Attorney for Mrs. Nelli I. McConnell and Federal Land Bank of New Orleans, and to Mr. Warrent Hunt, Rayville, Louisiana, Attorney for the debtor."

An examination of the case convinces me that the Master's report and recommendations are supported by the circumstances and the same are accordingly adopted and confirmed.

■ Since the filing of the report on June 17, 1939, the debtor, on July 24, and before the matter could be reached by this Court, filed and submitted an application for extension of the period as provided by the amendment of the law to November 1, 1939. My view is that the application to extend should be allowed and is approved.

Proper decree should be presented.